## Donahoe et al. v. Harrison Brothers Company

*Harry N. Ball*, for plaintiffs; *Evans & Wernick*, for defendant.

ALESSANDRONI, J., February 13, 1934.—A sci. fa. sur mortgage was originally issued in the matter of Harrison Brothers & Company, Inc., mortgagee, v. Michael S. Donahoe, mortgagor and real owner for premises 54-56 West Rittenhouse Street in the City of Philadelphia in Court of Common Pleas No. 5 as of June term, 1932, no. 5245, to which an affidavit of defense was filed. Subsequently, a bill of complaint issued out of Court of Common Pleas No. 2 as of December term, 1932, no. 12468, the complainants being Michael S. Donahoe, Anna J. Carroll, and Elizabeth Carroll, and the defendant Harrison Brothers, Inc., wherein certain facts were recited as the basis for a prayer that the defendant assign the bond and mortgage in question to Anna J. Carroll and Elizabeth C. Carroll. On February 27, 1933, a petition and rule was presented by the plaintiffs in the case instituted in Court of Common Pleas No. 2, requesting that the case be transferred to and consolidated with the proceedings in Court of Common Pleas No. 5, which rule was duly made absolute as to the prayer to transfer the case to this court, but action on the rule to consolidate the cases was held in abeyance for action by Court of Common Pleas No. 5. On March 8, 1933, Harrison Brothers & Company, Inc., presented a petition for a rule to

show cause why service of the bill of complaint should not be set aside, the petition averring that the offices of the defendant corporation are located in Ardmore, Montgomery County, and that service of the bill of complaint was made upon a clerk in the office of the defendant in Ardmore, which service is averred to be illegal. On March 17, 1933, a petition was presented to show cause why service of the bill of complaint on defendant should not be made nunc pro tunc, the petition averring that a copy of the bill of complaint was served on the defendant's agent by a clerk in the office of the attorney for Michael S. Donahoe et al.; that under the Act of April 6, 1859, P. L. 387, courts of equity have jurisdiction on motion of attorney and by special order of court to authorize service on a defendant not a resident within the county, and that under the authority of Vail et al. v. Osborn et al., 174 Pa. 580, the Supreme Court held that where the subject matter is within the jurisdiction of the court it is not too late to correct the error of service on a nonresident defendant. The petition prays that an order be made nunc pro tunc validating the service of the bill of complaint.

In view of the fact that the parties whose names appear of record in the two proceedings are not identical, we do not feel that the two proceedings should be consolidated. The propriety of transferring the case to this court cannot be questioned, but this does not appear to be a proper case for consolidation.

The rule to set aside service of the bill of complaint was presented before the rule to show cause why service of the bill of complaint should not be made nunc pro tunc. We know of no procedure permitting the validation of an improper service nunc pro tunc over the objection of the opposing party. The question of the validity of the service is governed by statute. By virtue of the provisions of the Act of May 4, 1927, P. L. 710, jurisdiction is conferred upon courts of equity to decree an assignment or transfer of a mortgage where the full amount due has been tendered the mortgagee, if the mortgage is entered in the county where the equity proceeding is instituted, or if the holder resides therein. This act, however, does not treat of the question of service governed by the Act of April 6, 1859, P. L. 387, which provides that the court having jurisdiction over the proceeding shall be authorized to order and direct that service of process on defendants residing out of the jurisdiction of the court be made under certain terms and conditions, provided that an affidavit be presented to the court stating the facts applicable to the service.

The record discloses, and the complainants admit, that service was not made in accordance with the Act of 1859 as it was not made by order of court. It therefore cannot be deemed valid. Under the Act of May 17, 1921, P. L. 899, service of process can be made by direction to the sheriff of the county wherein the defendant resides, but clearly the complainants did not comply with this requirement. The rule to show cause why service of the bill of complaint should not be set aside, therefore, must be made absolute. However, since all the pertinent facts relating to service appear of record, and to obviate the needless expenditure of the time of the court, an order should be entered permitting service of a copy of the bill of complaint, in accordance with the provisions of the Act of 1859 or the Act of 1921, to which we have hereinabove referred.

And now, to wit, February 13, 1934, the rule to show cause why service of the bill of complaint should not be made nunc pro tunc is discharged, and the rule to show cause why service of the bill of complaint should not be set aside is made absolute, with leave to the complainants, however, to serve the defendant with process within 15 days from the date of this order in accordance with the provisions of the Act of April 6, 1859, P. L. 387, or the provisions of the Act of May 17, 1921, P. L. 899.